IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAMUEL GREGORY DORSEY ) | |
| ) | |
| v. ) | NO. 3:10-0887 |
| ) | Consolidated with 3:10-1006 |
| DAVIDSON COUNTY SHERIFF'S OFFICE, ) | |
| R. TEMPLE, AND CORRECT CARE ) | |
| SOLUTIONS ) | |

TO: Honorable Kevin H. Sharp, District Judge

# R E P O R T  A N D  R E C O M E N D A T I O N

By Order entered September 29, 2010 (Docket Entry No. 3), this action[1] was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court are the Motion for Summary Judgment of Defendants Correct Care Solutions ("Correct Care") and Efren Vargas (Docket Entry No. 43), the Second Motion to Dismiss of Defendants Davidson County Sheriff's Office ("Sheriff's Office") and Ricky Temple (Docket Entry No. 33), the Motion for Partial Summary Judgment of the plaintiff (Docket Entry No. 83), and the Cross-Motion for Summary Judgment of Defendants Davidson County Sheriff's

---

[1] A second case filed by the plaintiff, <u>Dorsey v. Davidson County Sheriff's Office, et al</u>, No. 3:10-1006, was consolidated into the instant case by Order entered April 26, 2011. <u>See</u> Docket Entry No. 50 in Case No. 3:10-1006.

Officer and Ricky Temple (Docket Entry No. 95).[2] For the reasons set out below, the Court recommends that the Defendants' motions be granted, the plaintiff's motion be denied, and this action be dismissed.

## I. BACKGROUND

The plaintiff is currently an inmate at the Morgan County Correctional Complex. He filed his two actions seeking relief under 42 U.S.C. § 1983 based on allegations that his civil rights were violated by events which occurred when he was a pre-trial detainee at the Davidson County Criminal Justice Center ("CJC") . Named as defendants are the Davidson County Sheriff's Office ("Sheriff's Office"), CJC correctional officer Ricky Temple, Correct Care Solutions, LLC ("Correct Care"), an entity which has contracted to provide medical care to inmates at the CJC, and Dr. Efren Vargas, a physician and the Medical Director for Correct Care.[3]

While an inmate at the CJC, the plaintiff injured his right shoulder on the evening of August 9, 2010, when he was hit by his cell door as it was closing.[4] The plaintiff contends that several correctional officers contacted the CJC medical on his behalf throughout the night of

---

[2] Defendants Sheriff's Office and Temple filed their first motion to dismiss on November 22, 2010 (Docket Entry No. 21), but, as a result of the Order entered December 14, 2010 (Docket Entry No. 27), granting the plaintiff's motion to amend (Docket Entry No. 25) and the plaintiff's amended complaint (Docket Entry No. 28), the defendants filed a motion (Docket Entry No. 35) to withdraw their first motion to dismiss which was granted by Order entered January 3, 2011 (Docket Entry No. 36).

[3] The plaintiff has filed two motions for leave to amend his complaint which are pending before the Court. See Docket Entry Nos. 39 and 42. By his motions, he seeks to add Ms. Ping, Crystal Caner, and the Metropolitan Government of Nashville and Davidson County as defendants to this action.

[4] See Original Complaint (Docket Entry No. 1) in Case No. 3:10-1006.

August 9, 2010, and during the morning of August 10, 2010, but were told by the medical clinic staff that the plaintiff could wait to be seen. The plaintiff asserts that he was eventually told by a correctional officer to go to sick-call on the afternoon of August 10, 2010, with other inmates who were going to the medical clinic but that once he arrived at the clinic, Defendant Temple prohibited him from seeing the nurse stating that the plaintiff was "not on the sick-call list" and told him to go back to his housing pod. See Complaint (Docket Entry No. 1), at 3-4. The plaintiff alleges that, after returning to his housing pod, he was taken to the medical clinic a short time later and was seen by Correct Care employee Ms. Ping who told him to fill out a sick call request and provided him with no actual treatment. See Amended Complaint (Docket Entry No. 28), at 4-5. The plaintiff was seen in the medical clinic on August 11 and 13, 2010, and was given pain medications and an x-ray, which showed no structural damage.

The plaintiff asserts that the pain in his shoulder continued to persist and that, although he was seen by medical care providers in the several months since the injury, the pain medication he was provided was ineffective to treat his continued pain and he was given no other treatment to repair his shoulder injury. He contends that his complaints that he had a serious shoulder injury were essentially ignored for approximately three months until he was finally given a MRI in early November 2010, the results of which revealed that he had a torn rotator cuff in his shoulder. He alleges that he was briefly given physical therapy for his injury but has not received any additional treatment. The plaintiff specifically alleges that Defendant Vargas treated him callously, mocked him, and refused to order the MRI until this lawsuit was filed.[5]

---

[5] See First Amended Complaint (Docket Entry No. 8) in Case No. 3:10-1006.

3

By their motion for summary judgment, Defendants Correct Care and Vargas deny that they were deliberately indifferent to the plaintiff's medical needs. To the contrary, they argue that the undisputed evidence establishes that an appropriate course of treatment was provided to the plaintiff for his injury. Therefore, they contend that they are entitled to summary judgment as a matter of law. Defendants Correct Care and Vargas support their motion with the affidavit of Efren Vargas (Docket Entry No. 43-1) and with copies of the plaintiff's medical records. See Docket Entry Nos. 43-2 and 43-3.

Defendants Temple and the Sheriff's Office initially filed a motion to dismiss asserting that the facts set out in the plaintiff's pleadings are not sufficient to support constitutional claims against them. See Docket Entry No. 33. Subsequently, a cross-motion for summary judgment seeking summary judgment was filed by Defendants Temple and the Metropolitan Government of Nashville and Davidson County ("Metro").[6] See Docket Entry No. 95. Defendant Temple contends that the evidence before the Court fails to support a claim for individual liability against him. He asserts that he was a security officer at the medical clinic on August 10, 2010, and refused the plaintiff admittance to the clinic in accordance with CJC policy which only permits inmates from the same housing floor to visit the medical clinic at the time. See Affidavit of Ricky Temple (Docket Entry No. 99). He further asserts that a nurse approved of sending the plaintiff back to his housing unit

---

[6] The cross-motion for summary judgment was not filed on behalf of the Sheriff's Office. Further, although the plaintiff seeks to add Metro as a defendant via his pending motions to amend, those motions have not yet been ruled on and Metro has not been added as a defendant to the action at this point. To this extent, it unclear whether the inclusion of Metro and the exclusion of the Sheriff's Office from the cross-motion for summary judgment was an unintended error or was purposeful. As set out herein at Section III(E), the Court finds that Metro should not be added as a defendant. As such, the Court views the cross-motion for summary judgment as filed only on behalf of Defendant Temple.

4

and that the plaintiff was seen in the clinic a short time later when inmates from his housing floor were called to the clinic. Id. In the motion to dismiss, the Sheriff's Office contends that: 1) it is not an entity capable of being sued under Section 1983; and 2) the plaintiff fails to allege facts supporting a claim of municipal liability against it. See Docket Entry No. 33.

The plaintiff has responded in opposition to each of the motions filed by the defendants and has also filed his own motion for partial summary judgment seeking summary judgment on the issue of liability. He contends that the medical records support his claim that he was treated with deliberate indifference by the defendants.

## II. STANDARDS OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S.__, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

5

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." Iqbal, 129 S.Ct. at 1950. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 1949 (quoting Twombly, 550 U.S. at 557).

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the

6

light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

### III. CONCLUSIONS

A. Fourteenth Amendment Rights of a Pretrial Detainee

The plaintiff contends that he was incarcerated at the CJC as a pretrial detainee at the time of the events at issue. Pretrial detainees are protected from mistreatment by the Due Process Clause of the Fourteenth Amendment while convicted felons fall within the purview of the Eighth Amendment's prohibition of cruel and unusual punishment. City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983). However, the Eighth Amendment's prohibition against cruel and unusual punishment applies to pretrial detainees through the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 & n.16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); Heflin v. Stewart Cnty., Tenn., 958 F.2d 709, 714 (6th Cir. 1992); Roberts v. City of Troy, 773 F.2d 720, 723 (6th Cir. 1985). Accordingly, the plaintiff's claims that he was not provided with constitutionally adequate medical care are analyzed under Eighth Amendment standards. See Thompson v. County of Medina, 29 F.3d 238, 242 (6th Cir. 1994); Horn v. Madison Cnty. Fiscal Court, 22 F.3d 653, 660 (6th Cir. 1994); Danese v. Asman, 875 F.2d 1239, 1243 (6th Cir. 1989).

B. Constitutional Standards

The government has a constitutional obligation to provide medical care for the individuals it incarcerates, and "deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A claim for deliberate indifference to a prisoner's serious medical needs has both a subjective and an objective component. See Farmer

8

v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2001). To satisfy the objective component, the plaintiff must allege that he has a "sufficiently serious" medical need. Comstock, 273 F.3d at 703. A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Blackmore v. Kalamazoo Cnty., 390 F.3d 890, 897 (6th Cir. 2004).

For the subjective component, the plaintiff must demonstrate that the defendant had a sufficiently culpable state of mind, in other words, that the official acted with "deliberate indifference" to the plaintiff's serious medical need. Farmer, 511 U.S. at 834. Although this standard does not require a showing that the defendant acted with a purpose or intent to inflict harm, the standard is not satisfied by a showing of negligence. See Comstock, 273 F.3d at 703; Estelle, 429 U.S. at 105 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute" a violation of the Eighth Amendment). The plaintiff must show more than medical malpractice and negligence on the part of the defendant because the subjective requirement acts "to prevent the constitutionalization of medical malpractice claims." Comstock, 273 F.3d at 703. See also Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) ("To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause.").

9

C. Defendants Temple and the Sheriff's Office

Summary judgment should be granted to Defendant Temple. Based on the evidence before the Court, no reasonable jury could find in favor of the plaintiff on his constitutional claims against Defendant Temple.

The undisputed facts show that Defendant Temple is not a medical care provider. His only involvement with the plaintiff was that he was a correctional officer assigned to the medical clinic on August 10, 2010, and sent the plaintiff back to his housing unit because it was not time for inmates from his housing floor to be at the clinic. Although the affidavit of Defendant Temple (Docket Entry No. 99) and the sworn declaration of the plaintiff (Docket Entry No. 103) create a factual dispute about whether or not Defendant Temple talked to a nurse at the clinic prior to sending the plaintiff back to his housing unit and about whether or why the plaintiff had been sent to the clinic with the other inmates, these factual disputes do not raise a genuine issue of material fact which require that the claim against Defendant Temple be resolved at trial. Even if the facts as alleged by the plaintiff are taken as true and any factual disputes are resolved in his favor, the facts do not support a claim of constitutional liability against Defendant Temple. A constitutional claim simply does not exist regarding Defendant Temple. At the time the plaintiff arrived at the medical clinic, he was not suffering from an emergency or life threatening condition which would have alerted any layman to the plaintiff's need for immediate treatment. See Blackmore, 390 F.3d at 899-900. There is no evidence showing that Defendant Temple ignored a substantial risk of serious harm to the plaintiff by requiring him to return to his housing floor. Further, while the actions of Defendant Temple may have caused a slight delay in the plaintiff being seen at the medical clinic that day, Defendant Temple has offered an explanation for his actions which does not evidence

10

deliberate indifference under the circumstances in existence at the time. Without such evidence, there can be no finding of deliberate indifference on the part of Defendant Temple. See Farmer, 511 U.S. at 837.

With respect to the Sheriff's Office, the Sheriff's Office is not a legal entity capable of being sued under Section 1983. Although municipal corporations and other "bodies politic and corporate" may be sued under Section 1983, Mumford v. Basinski, 105 F.3d 264, 267 (6th Cir.), cert. denied, 522 U.S. 914, 118 S.Ct. 298, 139 L.Ed.2d 229 (1997), a sheriff's department is not a body politic or an entity that is considered a "person" and thus can be sued under Section 1983. See Petty v. Franklin Cnty., 478 F.3d 341, 347 (6th Cir. 2007); Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994); Buchanan v. Williams, 434 F.Supp.2d 521, 529 (M.D. Tenn. 2006) (Haynes, J); Timberlake by Timberlake v. Benton, 786 F. Supp. 676, 682-83 (M.D. Tenn. 1992) (Nixon, J.); Mathes v. Metropolitan Gov't of Nashville and Davidson Cnty., 2010 WL 3341889 (M.D. Tenn. Aug 25, 2010) (Trauger, J.); Baker v. Tennessee Dept. of Corr., 2009 WL 3271175 (M.D. Tenn. Oct. 9, 2009) (Echols, J.); Drennon v. ABL, 2006 WL 3448686 (M.D. Tenn. Nov. 27, 2006) (Campbell, C.J.). Accordingly, The Sheriff's Office should be dismissed from the action because it is not amenable to suit under Section 1983.

D. Defendants Correct Care and Vargas

For the purposes of determining the defendants' summary judgment motion, the Court presumes that the plaintiff has shown that he suffered from medical needs which were serious

11

enough to satisfy the objective component of his claim.[7] However, there is insufficient evidence before the Court raising a genuine issue of material fact on the issue of deliberate indifference on the part of the defendants. Any factual disputes that exist fail to rise to the level of material facts because, even if the disputed factual questions are construed in the light most favorable to the plaintiff, no reasonable jury could find that the medical care provided to the plaintiff at the CJC was constitutionally inadequate in light of the undisputed evidence that he was provided with a course of treatment for his injury.

The plaintiff's medical records clearly show that he was not ignored. He was examined on numerous occasions by the Correct Care staff, was given an x-ray and a MRI, was provided with pain medication and muscle relaxers, was given an order for a double mattress and a bottom bunk, and was sent to at least two physical therapy treatments. See Docket Entry Nos. 43-1 & 43-2. Although "medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference," Terrance v. Northville Reg.'l Psychiatric Hosp., 286 F.3d 834, 843–44 (6th Cir. 2002) (internal quotation marks and citation omitted), the evidence before the Court does not support such a conclusion.

The plaintiff's claims essentially amount to displeasure with the manner or adequacy of the course of treatment he received at the CJC. He believes that he should have been treated more promptly, given stronger pain medication, given an MRI sooner, and been provided with some type

---

[7] Defendants Vargas and Correct Care do not argue that the plaintiff has not met the objective component of his inadequate medical care claim. See Defendants' Memorandum in Support (Docket Entry No. 44).

12

of more effective treatment.[8] However, when a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law. Hill v.Jones, 211 F.3d 1269 (6th Cir.2000); Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). See also Washington v. Stewart, 2010 WL 4511015 (M.D. Tenn. Nov. 1, 2010) (Trauger, J.) (inmate who had bullet in his leg from prior incident did not support a constitutional claim based on allegations of inadequate pain medication and the refusal of an x-ray in light of evidence that prison physician gave him Motrin, assigned him to bottom bunk, and provided him with crutches). Van v. Troutt, 2010 WL 4007484 (M.D. Tenn. Oct. 12, 2010) (Campbell, C.J.) (inmate's allegations of inadequate treatment and mis-diagnosis of back injury were insufficient to state constitutional claim in light of medical care that was admittedly provided). The plaintiff's contention that his pain medication was ineffective is itself not sufficient to support his constitutional claim. See Thomas v. Coble, 55 Fed. Appx. 748, 2003 WL 343240 (6th Cir. Feb. 11, 2003) (summary judgment properly granted to prison physician despite inmate's disagreement with physician over adequacy of pain medication and allegation that he suffered excruciating pain for six months).

Although the care the plaintiff received at the CJC may not have been as prompt, thorough, or far-reaching as he may have received had he not been incarcerated and had he sought treatment on his own from private medical care providers,[9] the Constitution does not guarantee that a prison

---

[8] Although the plaintiff states in his motion for partial summary judgment that surgery was "ordered" for him by "Dr. Baker" on March 4, 2011, see Docket Entry No. 84, at 3, he fails to point to any medical evidence in the record supporting this assertion.

[9] The Court does not agree with the defendants' statement that "it should be clear to the Court that an individual who was not incarcerated in jail would never receive the medical attention which has been provided to Mr. Dorsey between August 10th and the date of the filing of this

13

inmate receive the "optimum or best medical treatment." Ruiz v. Estelle, 679 F.2d 1115, 1149 (5th Cir. 1982); McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978). See also Dotson v. Phillips, 385 Fed. Appx. 468, 2010 WL 2776875 (6th Cir. July 12, 2010) (deliberate indifference was not shown by evidence of a four day delay between inmate's ankle injury and his examination by the prison physician despite inmate's complaints of extreme pain). Further, deliberate indifference is not shown because "alternative procedures might have better addressed [a prisoner's] particular needs." Graham v. County of Washtenaw, 358 F.3d 377, 384 (6th Cir. 2004).

The Court acknowledges that it is understandable that the plaintiff believes that his claims have merit. It is undisputed that the results of the MRI ultimately proved the plaintiff's belief that he was injured to be true despite the contrary opinion of the medical staff and Defendant Vargas. However, the mis-diagnosis of an injury evidences negligence – not a constitutional tort – since it is well-settled that neither negligence nor medical malpractice will support a constitutional claim. See Estelle, 429 U.S. at 105-06; Comstock, 273 F.3d at 703; Walker v. Norris, 917 F.2d 1449, 1454 (6th Cir. 1990); Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985). See also Grose v. Correctional Med. Serv., 400 Fed. Appx. 986, 1010 WL 4807080 (6th Cir. Nov. 18, 2010) (summary judgment granted to physician's assistant who mis-diagnosed an inmate's knee injury and delayed x-rays for one month). The Court also notes that if the plaintiff's allegations are taken as true, the attitude and conduct of the Correct Care staff and Defendant Vargas toward the plaintiff was extremely unprofessional and condescending. Regardless of any unprofessionalism, however, the evidence before the Court simply does not support a claim that the medical care rendered to the plaintiff at the CJC was so deficient that it amounted to a violation of the Constitution. After review

---

motion." See Docket Entry No. 44, at 8.

of the evidence before the Court and the entire record in the action, the Court finds that summary judgment should be granted to Defendants Correct Care and Vargas and the plaintiff's request for partial summary judgment in his favor should be denied.

E. The Plaintiff's Motions to Amend (Docket Entry Nos. 39 and 42)[10]

The plaintiff seeks leave to amend his complaint to add claims against new defendants based on the underlying allegations of the instant action. Attached to the first motion to amend his proposed amended complaint. See Docket Entry No. 39-1. The plaintiff seeks leave to add Ms. Ping, Crystal Caner, and Metro as defendants to this action.[11] He contends that Ping initially examined him on August 10, 2010, and was unqualified to examine him as evidenced by the facts that she failed to provide him with no actual treatment and required him to fill out a sick call slip so he could be seen the next day. See Docket Entry No. 39-1, at 3. He contends that Caner examined him on August 31, 2010, but that the only treatment she provided was to prescribe him a muscle relaxer even though he told her he did not need a muscle relaxer. Id. at 4. The plaintiff contends that Metro should be included as a defendant because Metro has contracted with Correct Care, whom the plaintiff asserts provided him with inadequate medical care. Id.

The motions to amend should be denied because the proposed amended complaint would be futile and would not survive a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal

---

[10] In the second motion to amend (Docket Entry No. 42), the plaintiff simply seeks to add Metro, Correct Care, and the Sheriff's Office to the prayers for relief.

[11] The plaintiff also states that he seeks to add "D. Capley." See Docket Entry No. 39. However, in his proposed amended complaint, he specifically states that "D. Capley is not a defendant." See Docket Entry No. 39-1, at 4. Accordingly, the Court does not construe the proposed amended complaint as seeking to add "D. Capley" as a defendant.

15

Rules of Civil Procedure. See Kottmyer v. Maas, 436 F.3d 684, 692 (6th Cir. 2006); Miller v. Calhoun Cnty., 408 F.3d 803, 817 (6th Cir. 2005); Thiokol Corp. v. Department of Treasury, 987 F.2d 376 (6th Cir. 1993); Marx v. Centran Corp., 747 F.2d 1536, 1550 (6th Cir. 1984); Development Corp. v. Advisory Council on Historic Pres., 632 F.2d 21, 23 (6th Cir. 1980). The plaintiff's allegations against Ping and Caner simply do not provide a basis for a constitutional claim against them in light of the evidence which is before the Court. At best, his allegations are that the two proposed defendants acted negligently, which will not support a constitutional claim under Section 1983. The plaintiff's claim against Metro is essentially a claim of respondeat superior based upon his underlying claim against Correct Care and Vargas. Such a theory does not support a claim under Section 1983. Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Additionally, for any claim of municipal liability against Metro, the plaintiff must set forth factual allegations which satisfy the standards required for a claim of municipal liability as set out in Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). See also City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); Doe v. Claiborne Cnty., Tenn., 103 F.3d 495, 507-09 (6th Cir. 1996). There are simply no such allegations in this action.

**RECOMMENDATION**

The Court respectfully RECOMMENDS that:

1. the Second Motion to Dismiss filed by Defendants Davidson County Sheriff's Office and Ricky Temple (Docket Entry No. 33), and the Cross-Motion for Summary Judgment filed by Defendant Ricky Temple (Docket Entry No. 95) be GRANTED;

16

2. the Motion for Summary Judgment filed by Defendants Correct Care Solutions and Efran Vargas (Docket Entry No. 43) be GRANTED;

3. the Motion for Partial Summary Judgment filed by the plaintiff (Docket Entry No. 83) be DENIED;

4. the plaintiff's motions to amend (Docket Entry No 39 and 42) be DENIED; and

5. this action be DISMISSED WITH PREJUDICE.

The Court further RECOMMENDS that any appeal NOT be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,

        _____
        JULIET GRIFFIN
        United States Magistrate Judge